THE STATE v. R. A. SOWERS.

*Indictment—Sale of Spirituous Liquors—Special Verdict.*

When the jury found that the defendant sold spirituous liquors within two miles of a certain school-house, and the act under which defendant was indicted forbid any person from erecting any stand or place of business for the purpose of offering for sale spirituous liquors: *Held*, not guilty.

This was an INDICTMENT for selling spirituous liquors within two miles of a public school-house in Davidson County, tried before *McIver, J.*, at the March Term, 1892, of DAVIDSON Superior Court.

The facts are sufficiently stated in the opinion.

*The Attorney General,* for the State.
No counsel for defendant.

BURWELL, J.: This is an indictment against the defend-
ant for selling spirituous liquor within two miles of a public
school-house in Davidson County, contrary to the provisions
of chapter 415 of the Laws of 1891.

The jury found a special verdict, as follows: "The jury
find as a fact that Robert A. Sowers, Sr., since the first day
of April, 1891, and prior to the finding of this bill, sold
spirituous and intoxicating liquors by the quantity less than
a gallon, to-wit, by the half-gallon, to J. A. Leonard, within
the distance of two miles of Leonard's school-house in Lex-
ington township, Davidson County, the same being a public
school-house where public schools are taught in said county."

*   *   *   *   *   *   *   *   *   *   *

Upon the facts found in the special verdict, the defendant
was adjudged to be guilty. There was judgment against
him, and he appealed.

The act referred to (Laws of 1891, ch. 415, sec. 2), provides
that it shall be unlawful for any person to erect any stand or
place of business for the purpose of selling or offering for sale
any spirituous liquors within two miles of any church in this
State; and by a proviso contained in section 4, it is declared
that the act "shall only apply to churches" in the certain
counties named, and "to public school-houses and other
institutions of learning in Davidson County." It is unnec-
essary to consider what effect should be given to this proviso,
for the special verdict does not find that the defendant has
committed the act made unlawful by section 2, to-wit, erect-
ing a stand or place of business for the purpose of selling or
offering for sale spirituous liquor; and it follows that, upon
the verdict, the defendant should have been adjudged not
guilty.

There is error. The cause will be remanded to be pro-
ceeded with according to law.          Error.